UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>JOSHUA ROBERT STARNES,<br><br>  Defendant. | CASE NO. CR10-5294 BHS<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE AND GRANTING MOTIONS TO FILE OVERLENGTH BRIEFS |

This matter comes before the Court on Defendant Joshua Starnes's ("Starnes") motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), Dkt. 55, and motion for leave to file overlength brief, Dkt. 54, and the Government's motion for leave to file overlength response, Dkt. 58. The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies the motion for compassionate release and grants the motions for leave to file overlength briefs for the reasons stated herein.

## I.  FACTUAL & PROCEDURAL BACKGROUND

On April 27, 2010, Starnes was charged with one count of Transportation of Child Pornography in violation of 18 U.S.C. § 2252A(a)(1). Dkt. 1. On October 5, 2010, Starnes pled guilty to the charge. Dkts. 22; 23. On February 11, 2011, Judge Ronald B. Leighton[1] accepted the Government's recommendation for sentencing and sentenced

---

[1] Judge Leighton retired from the federal bench, and this case was reassigned to this Court on October 9, 2020. Dkt. 57.

Starnes to 180 months of custody. Dkts. 39; 40; *see also* Dkt. 55-5, Sentencing Transcript, at 52 ("as I look at the evidence that has been presented, which is the size and nature of your collection, the activities in terms of the bartering and so forth, that you, I think, present a very real danger to the community, and I am going to accept the government's recommendation here.").

On October 8, 2020, Starnes filed a motion for compassionate release, Dkt. 55, and a motion for leave to file overlength briefing, Dkt. 54. On October 15, 2020, the Government responded, Dkt. 59, and filed a motion for leave to file overlength response, Dkt. 58. On October 16, 2020, Starnes replied. Dkt. 62.

## II.   DISCUSSION

**A.     Motions to File Overlength Briefs**

As a preliminary matter, the Court grants Starnes's unopposed motion, Dkt. 54, and the Government's unopposed motion, Dkt. 58, to file a brief in excess of the twelve-page limitation imposed by Local Criminal Rule 12(b)(5) of the Rules of the United States District Court for the Western District of Washington.

**B.     Motion for Compassionate Release**

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended

§ 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>     (i) extraordinary and compelling reasons warrant such a reduction;
> \*\*\*
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; . . . .

18 U.S.C. § 3582(c)(1)(A). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the Bureau of Prison's ("BOP") failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id.*

The Sentencing Commission's policy statement referenced in 18 U.S.C. § 3582(c)(1)(A)(i) provides, in relevant part:

> [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>     (1)(A) Extraordinary and compelling reasons warrant the reduction;

>   \*\*\*
>   (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>   (3) The reduction is consistent with this policy statement.

United States Sentencing Guidelines ("USSG") § 1B1.13.

Here, the Court focuses on whether Starnes has extraordinary and compelling reasons to warrant his relief. Recently, Judge Thomas S. Zilly has provided a non-exhaustive list of factors federal courts have considered in determining whether a defendant has extraordinary and compelling reasons for compassionate release in the context of COVID-19:

> (i) whether the inmate is at higher risk because of his or her age and/or race, *see United States v. Young*, No. CR19-5055 BHS, 2020 WL 2614745, at \*3 (W.D. Wash. May 22, 2020); (ii) whether the inmate has one or more, medically-documented, chronic health conditions that render him or her more vulnerable to COVID-19, *see United States v. Locke*, No. CR18-0132 RAJ, 2020 WL 3101016, at \*4 (W.D. Wash. June 11, 2020) (observing that the movant's health issues were "not merely self-diagnosed," but rather "medically documented and verified"); *United States v. Rodriguez*, No. 2:03-cr-00271-AB-1, 2020 WL 1627331, at \*7 (E.D. Pa. Apr. 1, 2020) (inmate with type 2 diabetes, obesity, hypertension, and liver abnormalities was in a "higher risk category"); (iii) the fatality rate for individuals with similar health conditions as compared with the overall fatality rate for COVID-19, *see id.* (summarizing COVID-19 fatality rates); *United States v. Pippin*, No. 16-0266, 2020 WL 2602140, at \*1 (W.D. Wash. May 20, 2020) (granting a motion brought by a defendant suffering from pancytopenia, which is associated with an "over fivefold enhanced risk of severe COVID-19"); (iv) whether the inmate has previously tested positive for the coronavirus that causes COVID-19 and, if so, whether the inmate suffers from any long-term effects of the disease, *see United States v. Reynolds*, No. 2:18-cr-00131-RAJ, 2020 WL 3266532, at \*3–4 (W.D. Wash. June 17, 2020) (denying a motion for compassionate release brought by an inmate who recovered from and was "not suffering from any reported lingering symptoms" related to COVID-19); and (v) whether the inmate's release is expected to reduce the risk of him or her contracting COVID-19, see *United States v. Sandoval*, No. CR14-5105RBL, 2020 WL 3077152, at

*5 (W.D. Wash. June 10, 2020) (declining to release a defendant to a situation that "would likely place him at greater risk").

*United States v. Grubbs*, No. CR16-228 TSZ, 2020 WL 3839619, at *2 (W.D. Wash. July 8, 2020).

The Court finds these factors useful and instructive and are consistent with the analysis of extraordinary and compelling reasons the Court has engaged in with recent COVID-19 cases. *See, e.g.*, *Young*, 2020 WL 2614745 at *3 (a 64-year-old African American defendant who suffers from hypertension and chronic kidney disease presented extraordinary and compelling reasons); *United States v. Lint*, No. CR18-5152 BHS, 2020 WL 4698815, at *2 (W.D. Wash. Aug. 13, 2020) (a defendant housed at a federal correctional institution that had only two inmates infected with COVID-19 did not present an extraordinary and compelling reason); *United States v. Gray*, No. CR16-5600 BHS, 2020 WL 5759792, at *2–3 (W.D. Wash. Sept. 28, 2020) (a relatively young female defendant with a Body Mass Index of 32.1, while obese, did not present sufficient evidence of extraordinary and compelling reasons without additional evidence of other risk factors). The Court has discretion to consider the factors provided by Judge Zilly in determining whether Starnes has extraordinary and compelling reasons.[2]

---

[2] In the application of USSG § 1B1.13, the Commission has described three categories of potentially "extraordinary and compelling reasons," namely medical condition, age, and family circumstances, *see* USSG § 1.B1.13 cmt. n.1(A)–(C), as well as a "catch-all" provision, *id.* cmt. n.1(D), which "opens the door" to considering factors other than those specifically enumerated, *United States v. McPherson*, 454 F. Supp. 3d. 1049 (W.D. Wash. 2020). However, USSG § 1B1.13 has not been updated since the passage of the First Step Act of 2018, and district courts have largely found that the Commission's list of extraordinary and compelling reasons is not binding, but rather helpful guidance. *See United States v. Almontes*, No. 3:05-cr-58 (SRU), 2020 WL 1812713, at *3 (Apr. 9, 2020 D. Conn.) (providing a list of cases from around the country on whether the Commission's list is binding). The Court therefore concludes that, given the "catch-

Starnes argues that his chronic medical conditions are extraordinary and compelling reasons because they place him at a higher risk of severe illness from COVID-19; he has a Body Mass Index ("BMI") of 36.4 and suffers from hypertension and asthma. Dkt. 55 at 13–14. According to the CDC, obesity, i.e. a BMI between 30 and 40, increases the risk of severe illness from COVID-19, and asthma and hypertension may increase the risk of severe illness.[3] Having documented medical conditions that the CDC considers a risk or a possible risk for severe infection is a factor in favor of finding extraordinary and compelling reasons to warrant Starnes's compassionate release.

However, Starnes tested positive for COVID-19 in May 2020 and appears to have remained asymptomatic throughout his infection. *See* Dkt. 55-1. Starnes asserts that because he was asymptomatic, he remains vulnerable to reinfection. Dkt. 55 at 2–5. While there are documented instances of a recovered COVID-19 patient becoming reinfected in the United States, it appears that such reinfections are rare.[4] Therefore, the Court finds Starnes has failed to meet his burden of proof showing that he specifically

---

all" provision and the non-binding status of the comments to USSG § 1B1.13, it has discretion to construe the meaning of extraordinary and compelling reasons. *See Grubbs*, 2020 WL 3839619, at *2 n.2.

[3] Center for Disease Control and Prevention, *People with Certain Medical Conditions,* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last updated Oct. 16, 2020).

[4] Erika Edwards & Akshay Syal, *COVID-19 reinfection reported in Nevada patient, researchers say*, NBC News (Aug. 28, 2020) https://www.nbcnews.com/health/health-news/covid-19-reinfection-reported-nevada-patient-researchers-say-n1238679; Sandi Doughton, *Seattle-area man is the third person in the U.S. confirmed to have been infected twice with coronavirus*, Seattle Times (Oct. 15, 2020) https://www.seattletimes.com/seattle-news/health/seattle-area-man-is-the-third-person-in-the-u-s-confirmed-to-have-been-infected-twice-with-coronavirus/.

remains reasonably susceptible to reinfection. The Court understands that the scientific community's understanding of the virus is evolving, and it may be possible that new scientific evidence will emerge as to reinfection and individuals who were asymptomatic COVID-19 carriers. But it is consistent with this Court's precedent to find that absent a specific showing that the defendant themselves remain susceptible to reinfection, a previous diagnosis of COVID-19 cuts against a finding of extraordinary and compelling reasons. *See United States v. Christensen*, No. CR18-5411 BHS, 2020 WL 5982104, at *3 (Oct. 8, 2020 W.D. Wash.). Defendant has the burden to establish his entitlement to compassionate release. He has not met that burden.

At this time, because Starnes has already been infected, his chronic medical conditions alone do not amount to an extraordinary and compelling reason to warrant compassionate release.

### III. ORDER

Therefore, it is hereby **ORDERED** that Starnes's motion for compassionate release, Dkt. 55, is **DENIED**, Starnes's motion for leave to file overlength briefs, Dkt. 54, is **GRANTED**, and the Government's motion for leave to file overlength response, Dkt. 58, is **GRANTED**.

Dated this 27th day of October, 2020.

BENJAMIN H. SETTLE
United States District Judge